IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------X
MICHAEL CROSTA,

                Plaintiff,

                Case No.: 3:12CV717

-against-

ROBERT BUSSE & CO., INC., JANE
CARDINALE, AS ADMINSTRATOR
OF THE ESTATE OF EMANUEL
CARDINALE

                Defendants.
---------------------------------------------------------X

## ANSWER

Defendants, Robert Busse & Co., Inc. ("Busse") and Jane Cardinale, as administrator of the Estate of Emanuel Cardinale" (collectively "Defendants"), by their attorneys, Patton Boggs LLP and Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Complaint, set forth the following:

## AS TO "PARTIES"

1. Defendants admit the allegations of Paragraph "1" of the Complaint.

2. Defendants admit the allegations of Paragraph "2" of the Complaint.

3. Defendants deny the allegations of Paragraph "3" of the Complaint, except admit that Emanuel Cardinal was the President and CEO and majority shareholder of Busse.

4. Defendants deny the allegations of Paragraph "4" of the Complaint.

## AS TO "JURISDICTION"

5. Defendants neither admit nor deny the allegations of Paragraph "5" of the Complaint as they are not allegations of fact, but rather legal conclusions. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

## AS TO "VENUE"

6. Defendants neither admit nor deny the allegations of Paragraph "6" of the Complaint as they are not allegations of fact, but rather legal conclusions. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

7. Defendants neither admit nor deny the allegations of Paragraph "7" of the Complaint as they are not allegations of fact, but rather legal conclusions. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

## AS TO "FACTS"

8. Defendants admit the allegations of Paragraph "8" of the Complaint.

9. Defendants deny the allegations of Paragraph "9" of the Complaint, extent admit that the contract between Crosta and Busse called for Crosta to continue working for Busse.

10. Defendants admit the allegations of Paragraph "10" of the Complaint.

11. Defendants admit the allegations of Paragraph "11" of the Complaint.

12. Defendants admit the allegations of Paragraph "12" of the Complaint.

13. Defendants admit the allegations of Paragraph "13" of the Complaint.

14. Defendants admit the allegations of Paragraph "14" of the Complaint.

15. Defendants neither admit nor deny the allegations of Paragraph "15" of the Complaint as they are not allegations of fact, but rather legal conclusions. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

16. Defendants admit the allegations of Paragraph "16" of the Complaint.

17. Defendants neither admit nor deny the allegations of Paragraph "17" of the Complaint as they are not allegations of fact, but rather legal conclusions. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

18. Defendants deny having sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint, except admit that Crosta is over 50 years old.

19. Defendants deny having sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint, except admit that Crosta was sent a termination letter dated December 12, 2011 following his termination by Emanuel Cardinale on December 6, 2011.

21. Defendants deny the allegations of Paragraph "21" of the Complaint.

22. Defendants deny the allegations of Paragraph "22" of the Complaint.

23. Defendants deny the allegations of Paragraph "23" of the Complaint.

24. Defendants deny the allegations of Paragraph "24" of the Complaint.

25. Defendants deny the allegations of Paragraph "25" of the Complaint.

26. Defendants deny the allegations of Paragraph "26" of the Complaint.

27. Defendants deny the allegations of Paragraph "27" of the Complaint.

28. Defendants deny the allegations of Paragraph "28" of the Complaint.

29. Defendants deny the allegations of Paragraph "29" of the Complaint.

30. Defendants deny the allegations of Paragraph "30" of the Complaint.

31. Defendants deny the allegations of Paragraph "31" of the Complaint.

## AS TO "COUNT I"
### (Anticipatory Repudiation of the Contract)

32. With respect to the allegations of Paragraph "32", Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced as though set forth at length herein.

33. Defendants deny the allegations of Paragraph "33" of the Complaint.

34. Defendants deny the allegations of Paragraph "34" of the Complaint.

35. Defendants deny the allegations of Paragraph "35" of the Complaint.

36. Defendants deny the allegations of Paragraph "36" of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief set forth in his WHEREFORE clause following Count I.

## AS TO "COUNT II"
### (Piercing the Corporate Veil)

37. With respect to the allegations of Paragraph "37", Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced as though set forth at length herein.

38. Defendants deny the allegations of Paragraph "38" of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief set forth in his WHEREFORE clause following Count II.

## AS TO "COUNT III"
### (Accounting and Constructive Trust)

39. With respect to the allegations of Paragraph "39", Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced as though set forth at length herein.

40. Defendants deny the allegations of Paragraph "40" of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief set forth in his WHEREFORE clause following Count III.

## AS TO "COUNT IV"
### (Preliminary and Permanent Injunction Noncompete)

41. With respect to the allegations of Paragraph "41", Defendants repeat and reallege all admissions and denials set forth in response to the paragraphs referenced as though set forth at length herein.

42. Defendants deny the allegations of Paragraph "42" of the Complaint.

43. Defendants deny the allegations of Paragraph "43" of the Complaint.

44. Defendants deny the allegations of Paragraph "44" of the Complaint.

45. Defendants deny the allegations of Paragraph "45" of the Complaint.

46. Defendants deny the allegations of Paragraph "46" of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief set forth in his WHEREFORE clause following Count IV.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate reasons.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint is barred under the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff was terminated "for cause" thereby forfeiting any rights he had to any Fictitious Share Units to which he may have been entitled.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. This matter should be transferred to the Eastern District of New York based upon the convenience of the parties and witnesses as well as in the interest of justice.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety and that Defendants be awarded:

A) The costs and disbursements of this action; and

B) Such other and further relief as this Court deems just and proper.

Dated: November 26, 2012

**PATTON BOGGS LLP**

By:/s/ Benjamin Gaillard Chew (VSB # 29113)
  Benjamin Gaillard Chew, VSB # 29113
  bchew@PattonBoggs.com
  2550 M Street, N.W.
  Washington, D.C. 20037
  Telephone: (202) 457-6015
  Facsimile: (202) 457-6315

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
  Michael H. Masri
  mmasri@meltzerlippe.com
  Robert R. Barravecchio
  rbarravecchio@meltzerlippe.com
  *Attorneys for Defendants*
  190 Willis Avenue
  Mineola, New York 11501
  Telephone: (516) 747-0300
  Facsimile: (516) 237-2893

  Counsel for Defendants
  Robert Busse & Co., Inc., *et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------X
MICHAEL CROSTA,

                     Plaintiff,

                     Case No.: 3:12CV717

-against-

ROBERT BUSSE & CO., INC., JANE
CARDINALE, AS ADMINSTRATOR
OF THE ESTATE OF EMANUEL
CARDINALE,

                     Defendants.
---------------------------------------------------------X

### RULE 7.1 STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for ROBERT BUSSE & CO., INC. certifies that the following are publicly held corporate parents, affiliates and/or subsidiaries of said parties, owning 10% of said parties' stock.

**NONE**

Dated: November 26, 2012

                     **PATTON BOGGS LLP**

                     By:/s/ Benjamin Gaillard Chew (VSB # 29113)
                        Benjamin Gaillard Chew, VSB # 29113
                        bchew@PattonBoggs.com
                        2550 M Street, N.W.
                        Washington, D.C. 20037
                        Telephone: (202) 457-6015
                        Facsimile: (202) 457-6315

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
Michael H. Masri
mmasri@meltzerlippe.com
Robert R. Barravecchio
rbarravecchio@meltzerlippe.com
*Attorneys for Defendants*
190 Willis Avenue
Mineola, New York 11501
Telephone: (516) 747-0300
Facsimile: (516) 237-2893

Counsel for Defendants
Robert Busse & Co., Inc., *et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2012, true and correct copies of the foregoing Answer and Rule 7.1 Statement were served on the following via the Court's ECF system:

> David Paul Morgan, Esq.
> CRAVENS & NOLL, P.C.
> *Attorneys for Plaintiff*
> 9011 Arboretum Parkway, Suite 200
> Richmond, Virginia 23236
> Telephone: (804) 330-9220
> E-mail: dmorgan@cravensnoll.com
> mnapier@cravensnoll.com
>
> Counsel for Plaintiff
> Michael Crostas
>
>
> By:/s/ Benjamin Gaillard Chew (VSB # 29113)