IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MICHAEL CROSTA,
                Plaintiff,

v.                                                             Civil Action No. 3:12cv717-JAG

ROBERT BUSSE & CO., INC.

and

JANE CARDINALE,
*as Administrator of the Estate
of Emanuel Cardinale,*

                Defendants.

## **MEMORANDUM OPINION**

This matter comes before the Court on the defendants' Motion for Summary Judgment. (Dk. No. 25.) Michael Crosta ("Crosta") filed this case against Robert Busse & Co., Inc. ("Busse") and Jane Cardinale, as administrator of the Estate of Emanuel Cardinale[1] ("Cardinale"). Crosta includes four counts in his complaint: (1) anticipatory repudiation of a contract, (2) piercing the corporate veil, (3) accounting and constructive trust, and (4) an injunction enjoining the noncompete provision of his employment contract. In addition to injunctive relief, Crosta seeks $8,000,000 for the alleged anticipatory repudiation of the contract by the defendants.

---

[1] Before Emanuel Cardinale died in May 2012, he served as the President, CEO, and majority shareholder of Robert Busse & Co.

The defendants move for summary judgment on Counts I, II, and III on the ground that Busse fired Crosta for cause, thus negating Crosta's right to collect fictitious share units ("FSUs") under a continuing employment contract.

The Court GRANTS the defendants' motion for summary judgment on Counts I, II, and III because Crosta does not provide sufficient evidence to rebut the defendants' evidence that Busse fired him for cause. The Court DISMISSES Count IV as MOOT since Busse has agreed not to enforce the noncompete provision of Crosta's employment contract.

## I. Facts

Crosta sold medical products for Busse for nineteen years. In 1997, Crosta and Cardinale entered into a continuing employment contract (the "contract"). The contract stated that Crosta would continue to work for Busse and, in exchange, Busse would provide Crosta with FSUs[2] as additional compensation. The contract also provided that if Busse terminated Crosta's employment "for cause" Crosta would forfeit payment of his FSUs. The contract provided that:

> Employer and Executive agree that 'for Cause' means . . . (iv) Executive's failure to satisfactorily perform the duties and responsibilities delegated to him from time to time by Employer in a lawful and professional workmanlike manner as heretofore performed by Executive.

---

[2] Fictitious share units have some value in that the employee can cash them in when the first of the following liquidation dates occur:
> (a) Employer completes an initial public offering ("IPO"); or (b) Is acquired by merger or otherwise by a publicly traded company; or (c) Substantially all the assets of Employer are sold; or (d) Substantially all the issued and outstanding shares of Employer are sold by Employer's shareholders to a third party other than in a transaction to create and fund an Employee Stock Ownership Plan (ESOP); or (e) Executive's Retirement from Employer upon or after Executive's attaining the age of 65 years; or (f) Upon Executive's death; or (g) Upon Executive being determined to be totally disabled by at least two physicians selected by Employer.

(Dk. No. 24-1, Contract, Article III.) The precise dollar value of the FSUs is unclear. They do not seem to convey voting rights like regular stock in the company, and the employee cannot sell them to anyone other than Busse.

2

(Dk. No. 24-1, Contract ¶ 8.1.)

A major customer of Busse—McKesson Medical-Surgical, Inc. ("McKesson")—terminated its contract with Busse in May 2011. Crosta serviced the McKesson account, and Busse terminated Crosta in December 2011.

The parties do not agree on what took place between May and December 2011—primarily whether or not Busse fired Crosta for cause. Busse alleges that the company terminated Crosta *for cause*. In contrast, Crosta alleges that Busse terminated him *without cause*.

Busse has provided substantial evidence that it fired Crosta *for cause*. Although McKesson terminated its contract with Busse in a letter to Crosta in May 2011, Crosta waited until October 2011, to inform Busse management of the lost customer. (Dk. No. 24-2, 24-3, Defs.' Mem. Law Sup. Mot. Summ. J.) According to Busse employees, Busse continued to produce McKesson products between May and October 2011, because Busse did not know about the cancellation. (*Id.*) The products had McKesson logos or other identifying information on them, so Busse could not sell the products to other customers. Accordingly, from Busse's perspective, Crosta failed to satisfactorily perform his job duties and, thus, Busse fired Crosta for cause.

Although Crosta contends Busse did not fire him for cause, Crosta offers no evidence that contradicts Busse's version of the events.

## II. Standard of Review

Summary judgment becomes appropriate when the movant establishes that no genuine dispute of any material fact exists and the party is thereby entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56(c) mandates a grant of summary judgment "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The Court resolves all genuine factual disputes and inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*).

Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88 (1986). The non-movant may not rest on claims within its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (internal quotation marks & emphasis omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."); *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

### III. Discussion

#### A. Counts I – III

The defendants seek summary judgment on Counts I – III.[3] The contract at issue provided that if Busse terminated Crosta's employment "for cause" Crosta would forfeit payment of his FSUs. Thus, pursuant to the terms of the contract, the claims based on an alleged anticipatory repudiation of the contract fail if Busse terminated Crosta for cause. Based on the

---

[3] Counts I – III all depend on the court finding an anticipatory repudiation of the contract by the defendants. Count I seeks recovery for the alleged anticipatory breach. Count II asks the Court to pierce Busse's corporate veil in order to attach individual liability for the breach to Cardinale. Count III demands a constructive trust as a remedy for the breach.

4

evidence presented by the defendants and the lack of evidence provided by the plaintiff to refute the defendants' claim, the Court determines that no dispute of material fact exists and that Busse fired Crosta for cause.

In October 2011, Crosta admitted to several Busse employees that he had hidden the loss of the McKesson contract from the company. For five months, Busse continued to manufacture McKesson goods—goods that Busse could not unload. Not only did the loss of a customer hurt Busse, but the company found itself stuck with five months' worth of McKesson products. Concealing information of this character is quintessential grounds for termination.

Crosta offers no evidence that creates a dispute as to whether Busse fired him for cause. The evidence that Crosta offers consists of (1) a termination letter, (2) an affidavit from Crosta, and (3) an affidavit from Crosta's wife. His evidence does not establish an issue of fact precluding a grant of summary judgment.

Busse sent Crosta the termination letter on December 12, 2011. (Dk. No. 28-3.) Crosta attempts to create a dispute of material fact by pointing out that the letter, which confirms his termination, does not state whether Busse fired him with or without cause and thus this issue must go to trial. Crosta's argument fails. Nothing in the law or common practice prescribes the form or content of termination letters. The letter is irrelevant to the issue of termination for cause.

Then, in Crosta's own affidavit, Crosta does not refute that Busse fired him for cause. Rather, he only says that "Mr. Cardinale would not budge off of the prices he insisted were fair market and that [McKesson's] decision to leave Busse was purely for that reason and no other." (Dk. No. 28-1, M. Crosta Aff. ¶ 31.) Although Cardinale's insistence on high prices may well have led to the loss of McKesson, Busse's problem with Crosta is that he concealed McKesson's

cancellation of the contract. Cardinale's alleged poor insight into the pricing of goods does not create a dispute as to a material fact in regard to the termination for cause.

In a last ditch effort to create a dispute of material fact, Crosta submits an affidavit from his wife consisting of four statements. "Generally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Fed R. Civ. P. 56(c)(4)[4] "specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge." *Id.* Thus, Crosta's summary judgment affidavits cannot be conclusory or based upon hearsay. *Id.*

Essentially, Mrs. Crosta says that Crosta notified Cardinale that McKesson had terminated its contract with Busse as soon as Crosta received the letter from McKesson. (Dk. No. 28-2, R. Crosta Aff.) She does not say how she has personal knowledge of the contents of the affidavit. Her statements are conclusory and appear to be based on hearsay. Thus, Crosta's wife's affidavit does not create a dispute as to a material fact. Accordingly, the Court grants summary judgment to the defendants on Counts I – III.

### B. Count IV

Crosta seeks an injunction to prevent enforcement of a noncompete provision in his employment contract. Counsel for Busse has stated that the company will forego enforcement of the non-compete provision if this Court grants summary judgment to the defendants on Counts I – III. (Dk. No. 24 at 9; Defs.' Mem. Law Sup. Mot. Summ. J.) The Court therefore dismisses this claim as moot. Crosta has leave to reinstate his case if Busse attempts to enforce the noncompete clause.

---

[4] The 2010 amendments to the Federal Rules of Civil Procedure moved the relevant text to Rule 56(c)(4) from Rule 56(e).

## IV. Conclusion

For the reasons stated above, the Court GRANTS summary judgment to the defendants on Counts I, II, and III. The Court DISMISSES Count IV as MOOT. Accordingly, the Court DISMISSES the case.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

Date: June 25, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge